IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01426-JLK-MEH

CHRISTINA SHERBONDY,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____

ORDER GRANTING MOTION TO DISMISS
_____

KANE, J.

    *Pro se* Petitioner Christina Sherbondy initiated this action seeking to quash an IRS summons issued to Countrywide Home Loans as part of ongoing activities by the IRS to collect on her husband's alleged tax liabilities.  Only the husband was named on the summons, which seeks copies of loan applications and related materials in the possession of Countrywide and purports to be in aid of efforts to collect federal tax liabilities. Sherbondy premises her Petition to Quash Summons on 26 U.S.C. § 7609(b), which describes special procedures for challenging third-party summonses by the IRS under 26 U.S.C. § 7602 and other statutory provisions inapplicable here.

    The government contends Sherbondy lacks standing to proceed under 26 U.S.C. § 7609(b) and moves to dismiss for lack of subject matter jurisdiction.  In the alternative, for lack of personal jurisdiction over the government based on faulty service under Fed.

R. Civ. P. 4(i).  I agree, and DISMISS the Petition to Quash.

The rights of intervention and to challenge third-party summonses under § 7609(b) are narrowly prescribed, affording only those persons entitled to specific notice of a summons the right to intervene or proceed to quash it.  § 7609(b)(1).  Because the summons was issued in aid of collection activities for taxes already deemed to be owed, neither Mr. Sherbondy nor his wife was entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and Mrs. Sherbondy lacks standing to challenge it.  *See Barmes v. United States*, 199 F.3d 386, 390 (7th Cir. 1999)(finding "guidance" in the Tenth Circuit's unpublished decision in *Davidson v. United States*, 149 F.3d 1190 (TABLE), 1998 WL 339541 (10th Cir. 1998)).

Because I am without subject matter jurisdiction over Mrs. Sherbondy's Petition, I do not reach the government's alternative argument regarding inadequacy of service.

Dated September 27, 2007.                    **s/John L. Kane**
                                             SENIOR U.S. DISTRICT JUDGE